ADA O. FOGG, Appellant from Decree of Judge of Probate, in re estate of JOHN H. FOGG.

Cumberland.    Opinion July 10, 1909.

*Executors and Administrators. Descent and Distribution. Will. Provisions of Will Waived by Widow. Widow's Distributive Share of Personal Estate after Waiver. Legacies. Statute, 1909, chapter 260. Revised Statutes, 1883, chapter 75, section 9 ; 1903, chapter 77, sections 1, 13, 18.*

1.  When a widow has seasonably waived the provisions of her husband's will in her behalf, and has claimed her share of the personal estate, under Revised Statutes, chapter 77, section 13, she is entitled to one-third of the personal estate if there are issue, and one-half, if no issue, after deducting the widow's allowance and the debts, funeral charges and expenses of administration.

2.  Legacies are not to be deducted before distribution to the widow. They are to be borne by the remainder of the personal estate, after her share is taken out.

3. A legacy given to the executor in lieu of commissions is to be regarded as an expense of administration, and not a legacy proper.

4. Whether a widow who has waived the provisions of her husband's will is entitled in any event to one-third of the personal estate, free of debts, under Revised Statutes, chapter 77, section 1, *quaere*.

On report. Appeal from decree of Judge of Probate. Appeal sustained.

Appeal by the widow of John H. Fogg, late of Portland, deceased testate, from a decree of distribution made by the Judge of Probate, Cumberland County. The appeal was duly entered in the Supreme Judicial Court, sitting as the Supreme Court of Probate, in said county, at the January term, 1909, at which time an agreed statement of facts was filed and the case was then reported to the Law Court "to render such judgment as the rights of the parties may require."

The case is stated in the opinion.

*Sewall C. Strout, and Charles A. Strout*, for plaintiff.

*Anthoine & Talbot*, for heirs at law of John H. Fogg.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

SAVAGE, J. This case arises on an appeal by the widow from a decree of distribution of the testate estate of John H. Fogg, and comes to this court on report. Mr. Fogg left no issue. The widow seasonably waived the provisions of the will and claimed her share in the personal estate. The decree of the Probate Court gave her one-half of the personal estate, after deducting the debts, costs of administration, allowance to the widow, funeral expenses and legacies.

The widow claims that she is entitled as distributee to one-half of the personal estate, without any deductions; or, that in any event, the legacies should not have been deducted, before distribution.

The widow's rights depend upon the construction to be given to the following clause in section 13 of chapter 77 of the Revised Statutes, as it read prior to statutes of 1909, chapter 260, namely: "When a provision is made in a will for the widow of a tes-

tator  .   .   .   . and such provision is waived as aforesaid, such widow  .   .   .   . shall have and receive the same distributive share of the personal estate of such testator  .   .   .   . as is provided by law in intestate estates," The question then is, what would have been her share, if there had been no will? As to her, the estate is to be regarded as intestate,— as if her husband had died leaving no will.

The descent of personal property in intestate estates is regulated by R. S., c. 77, sect. 18, in these words: "The personal estate of an intestate, except that portion assigned to his widow by law and by the judge of probate, shall be applied first to the payment of debts, funeral charges, and charges of settlement; and the residue shall be distributed or shall escheat by the rules provided for the distribution of real estate." And the rule for the distribution or descent of real estate applicable to this case is found in R. S., c. 77, sect. 1, in these word: "If he leaves a widow and issue, one-third to the widow. If no issue, one-half to the widow. And if no kindred, the whole to the widow." This is the same rule which was formerly found in R. S., (1883) c. 75, sect. 9, relating solely to personal property. In the revision of 1903, this latter section was omitted, and the rule, for purposes of condensation, was stated by reference to the rules for distribution of real estate, which, so far as this case is concerned, were the same.

The widow in this case, claims, first, that the phrase in section 18 of chapter 77,—"that portion assigned to his widow by law,"— relates, in part, at least, to her distributive share under section 13, and that it is expressly excepted from that part of the personal estate which is available for the payment of debts and charges. This construction is not the correct one. If it were so, the widow would not only receive one-half of the personal estate under section 13, but would receive also one-half of the residue after payment of debts and charges, under section 18. It is plain that this is not the purpose of the statute.

The phrase "distributive share" in section 13 refers to that share which the widow would receive in the distribution of the residue of an intestate estate under section 18. In the administration of

intestate personal estate, the widow in the first instance is preferred. Out of the personal estate she is entitled, before the payment of debts and charges, to whatever the law assigns to her, not including what comes by distribution. She is, in the same way, entitled to the allowance made to her by the Judge of Probate. Then, the debts and expenses are to be paid out of what remains. Then, the residue of personal estate yet remaining is to be distributed, and of this, the widow is entitled to her "distributive share," one-third, if there are issue, and one-half, if no issue, and the whole, if no kindred. And this is the rule, so far as the determination of the widow's share in the personal estate is concerned, in the administration of testate estates, in cases where the widow has waived the provisions of the will, and has claimed her share. In this way, she receives "the same distributive share of the personal estate of the testator as is provided by law in intestate estates."

In the Probate Court, this rule was followed. The allowance to the widow, and the debts and expenses of administration were properly deducted before distribution of the personal estate. Hence the widow's appeal on this ground cannot be sustained.

But the Judge of Probate also deducted legacies, and decreed distribution of the balance only. This was error. The widow was entitled to the same distributive share as if the estate had been intestate. In an intestate estate there are and can be no legacies. It is plain that the legislature did not intend legacies to be deducted before distribution. There is no language which indicates it. To hold that they should be so deducted would be destructive of the purpose of this very beneficent statute. The statutory intention is that a widow shall have a way to obtain a certain, definite share of her husband's personal estate, though it may have been his purpose, as expressed in his will, to cut her off with less. So far, she is guaranteed by law against the shortsightedness, or caprice, or indifference, or even the hostility of her husband. To construe the statute otherwise, would be to say that a husband may entirely cut off his wife from any share in his personal estate, and defeat the statute, by bequeathing it all to others. Such a construction is not permissible. The burden of the legacies must fall upon that part

of the personal estate which is not distributed to the widow, under the rule we have stated, and not at all upon the widow's share. The legacies should not have been deducted before distribution to the widow.   On this ground, therefore, her appeal must be sustained.

It appears that the testator in his will gave the executor a legacy in lieu of commissions.   Taking into account the relative sizes of the estate and this legacy, we think that the legacy should be regarded as a payment for services, and thus an expense of administration, and not as a gift, or legacy proper.   It should, therefore, be deducted before distribution to the widow.

In her reasons of appeal, the widow claims that she is entitled in any event to one-third of the personal estate, free from the payment of debts, under the last clause of paragraph 1, section 1, chapter 77 of the Revised Statutes.   But in this case, it is not necessary, or even proper, to decide whether that clause includes personal as well as real estate, because that question does not arise here.   The case shows that the widow will receive in any event more than one-third of the entire personal estate.

Since the change in the amount to be distributed to the widow will also change the amounts to be distributed to others, whose names and relationships, to the estate are not stated in the report, this court cannot prescribe what the decree of the Supreme Court of Probate should be, in its entirety.   The appeal is sustained, and the case will go back to the Supreme Court of Probate, where a decree will be entered in accordance with this opinion.

*Appeal sustained.*
*Case remanded.*